NILES CASE, RESPONDENT, *v.* FRANK PEREW, APPELLANT.

*City ordinance requiring a boat to keep a light out — failure to keep the light constitutes negligence — it cannot be shown that it was the custom not to comply with the ordinance.*

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury rendered in the Erie County Court, and from an order denying a motion for a new trial.

The action was brought to recover damages sustained by the plaintiff in consequence of the defendant's propeller running into and injuring the plaintiff's canal boat in the harbor of Buffalo creek.

The court at General Term, after holding that an error had been made in the admission of certain evidence upon the trial, said: "The harbor of Buffalo creek is within the limits of the city of Buffalo and is declared to be a public highway, and the common council are vested with the authority to widen, straighten or enlarge the same and are authorized to regulate and alter the wharves, piers,

docks, canals and slips in the said city, and have also power to regulate and control the mode and manner of navigating the same. (City charter, chap. 519, Laws of 1870, tit. 8, §§ 1, 19.)

"The common council passed an ordinance requiring 'canal boats to keep an out-port and conspicuous light,' and gave a penalty for refusing so to do. With the view of establishing the plaintiff's negligence which contributed to the injury, as the defendant claimed, the defendant gave evidence establishing, or at least tending to establish, that the men in charge of the plaintiff's canal boat did not observe this ordinance. The plaintiff was permitted to prove, over the defendant's exception, that it was not the custom of canal boats to conform to the requirements of the ordinance by exhibiting the light required.

"The omission of other parties to observe this ordinance is no legal excuse for the plaintiff in omitting to comply with its requirements. If the plaintiff failed to keep the out-port light as required by the ordinance it tended to prove negligence on his part, and the receipt of the evidence objected to was practically a ruling by the court, and the jury must have so understood it, as excusing the plaintiff's violation of the ordinance, if there was in fact an omission to display the light required by the ordinance."

*James M. Humphrey*, for the appellant.

*Williams & Potter*, for the respondent.

Opinion by BARKER, J.

Present — SMITH, P. J., BARKER, BRADLEY and HAIGHT, JJ.

Judgment and order reversed and new trial ordered in Erie County Court, costs to abide event.